EVIDENCE—(1) Right of party to infer his witness was mistaken—(2) Walking on railroad track, not imperatively negligence not to look back—(3) Entire charge must be bad, or general exceptions not good.

Circuit Judges—Knappen, Denison and Donahue

DENISON, C. J.

### Epitomized Opinion

Error to U. S. Dist. Court, N. D. Ohio, E. D. Westenhaver, J.

Judgment for Plaintiff Crouse Affirmed

A witness for the plaintiff testified that he saw the accident; that Crouse stepped upon the railroad track and turned to the right and walked along thereon without looking to the left, or back, and entered upon the track at a time when an approaching car was only 30 feet from him, by which he was run over and killed. His administratrix defendant herein recovered a judgment in the district court, which a reversal of is sought by the railroad, on two grounds: (1) That Crouse's contributory negligence mas so clear as to require an instructed verdict for it; and (2) that the court gave erroneous instruction in submitting to the jury the rule of last clear chance. The court of appeals held:

1. That the plaintiff was not bound by the testimony of one of her witnesses, as to how the accident occurred, but was entitled to go to the jury upon the theory that this witness was mistaken, and upon inferences which might rightly be drawn from the testimony of her other witnesses and from defendant's testimony.

2. There is no rule of law which imperatively makes it negligence for a licensee, walking along a railroad track, to neglect to look back during a period of six or eight seconds, if the track behind him was clear when he entered upon it.

3. The trial court gave a charge to the jury covering a page of the record and involving several points, upon contributory negligence and the rule of last clear chance. The defendant merely excepted to the charge on this subject. This exception was not good, unless there was nothing in the record justifying any submission to the jury upon that theory. The evidence which most strongly tended to show Crouse's contributory negligence also tended to show that the car was moving slowly; that there was a considerable time after the brakeman on the moving car saw Crouse and his danger, within which time the brakeman might have stopped the car; but that he did not promptly enough try to do so. In the aspect of the evidence most favorable to support a recovery on this theory, there was a case for submission to the jury.

Attorneys—U. C. De Ford (Harrington, De Ford, Huxley & Smith, on the brief), for the Railroad; E. H. Moore( Moore, Barnum & Hammond and Beard & Beard, on the brief), Contra.

---

# DISTRICT COURTS of U. S.

### No. 428

In Re NATIONAL WINDOW GLASS WORKERS et al.

U. S. Dis. Court, N. D., Ohio, E. D.

No. 817. Decided Nov. 9, 1922

GRAND JURY—(1) Sufficiency of subpoena—(2) Refusal of witnesses to testify on ground of incrimination—(3) Investigation without previous charge—(4) Abuse of process—(5) Always subject to control of court—(6) Using grand jury to procure testimony for another district—(7) Prosecuting twice for same offense.

WESTENHAVER, J.:

On March 17, 1922, some 90 defendants, including Amer. Window Glass Co., National Window Glass Workers, and the Window Glass Cutters, were indicted for entering into a conspiracy to fix prices and curtail production as to certain glass products in violation of the Sherman Anti-Trust Act. The indictment was returned by a grand jury for one of the U. S. District Courts located in the State of N. Y. In Sept. of the same year more subpoenas were issued requiring the attendance of substantially the same witnesses that had appeared before the N. Y. grand jury just previous. The defendants moved to quash the same on the ground that the government was not instituting this grand jury in good faith, but merely for the purpose of examining witnesses in advance of trial. The government admitted this to be true and the motion was immediately granted. Thereupon subpoenas were issued out of Federal Court for the Northern Dist. of Ohio to appear before the Federal Grand Jury at Cleveland and to produce certain documents. The defendants immediately filed motions to quash upon the grounds that the subpoenas were issued in bad faith and also because the subpoenas did not state sufficient information and were indefinite. The government admitted that the evidence was to be used in the N. Y. proceedings, but insisted further that the evidence was to be used as the basis of other indictments in Cleveland. In setting aside the outstanding subpoenas, the court held:

1. Under Rev. St. No. 877, providing that witnesses who are required to attend any term of the Dist. Court on the part of U. S. shall be subpoenaed to attend and testify generally on their belief, and under such process shall appear before the grand jury or petit jury, as they may be required by the court or district attorney, and it is not necessary that the subpoenas on behalf of the government for witnesses to appear and produce documents, shall designate the charge being heard by th grand jury.

2. A witness to whom immunity is extended in the case of a violation of the Sherman Anti-Trust Law will not be excused from testifying because his evidence may incriminate him, and no such privilege or immunity exist in favor of a corporation of which he is an officer or agent.

3. A grand jury has the right to investigate without necessity of a previous charge against any one.

4. Courts have inherent power over their own process to prevent an abuse of discretion, and in the exercise of that power may disregard the secrecy of grand jury proceedings if ends of justice demand it.

5. The grand jury is a special instrument of the court and is subject to its control at all times.

6. Subpoenaing witnesses to procure testimony for use in another district is an abuse of process.

7. An acquittal or conviction on a former prosecution for the same conspiracy is a bar to a subsequent prosecution on overt acts during period subsequent to the indictment.